## Calvin Bates *versus* Ephraim Curtis.

If a matter in dispute is submitted by parol to arbitration, and the arbitrators award merely that a sum of money is due from one party to the other, the sum so awarded may be recovered under a count in *indebitatus assumpsit* or a count on an *insimul computassent*, it not being necessary to declare specially on the award.

Assumpsit to recover damages for the breach of a contract, made between the plaintiff, the defendant and Samuel W. Curtis, who was the son of the defendant, by which it was stipulated, that the latter should stay with the plaintiff until he should be twenty-one years of age, and should receive therefor a certain sum *per annum*. The declaration contained a count in *indebitatus assumpsit* for money had and received, and a count on an *insimul computassent*.

At the trial, before *Dewey* J., it appeared, that the plaintiff

having made a claim upon the defendant for damages for a breach of the contract, the parties mutually submitted, by parol, all matters in dispute in relation to the contract to the determination of two arbitrators, and agreed to abide by their award ; that the parties appeared before the arbitrators, who, after a hearing, awarded that the plaintiff should recover the sum of $ 90 of the defendant, as damages for a breach of the contract by him. The defendant having refused to pay the amount so awarded, the present action was instituted.

It was agreed, that proper counts might be filed, if, in the opinion of the Court, the plaintiff was entitled to recover on the award, and the counts in the writ were insufficient.

*Oct. 23d.*   *Ames*, for the defendant, cited *Armstrong* v. *Masten*, 11 Johns. R. 189 ; *Jessiman* v. *Haverhill and Franconia Iron Manufactory*, 1 New Hampsh. R. 68 ; *Pearson* v. *Henry*, 5 T. R. 6 ; *Keen* v. *Batshore*, 1 Esp. R. 194.

*W. Baylies* and *Packard*, for the plaintiff, cited Kyd on Awards, 261, 277 ; *Keen* v. *Batshore*, 1 Esp. R. 194 ; *Bailey* v. *Lechmere*, 1 Esp. R. 377 ; *Kingston* v. *Phelps*, Peake's Cas. 277 ; *Price* v. *Hollis*, 1 Maule & Selw. 105 ; 1 Saund. on Pl. & Evid. 179.

*Oct. 27th*   DEWEY J. delivered the opinion of the Court. Two questions were raised at *nisi prius* in this case : 1. Whether any action could be maintained upon an award made under a parol submission ; and, 2. Whether the plaintiff is entitled to recover under the counts in the declaration.

The first point was upon the argument here very properly waived by the counsel for the defendant, the law on that subject being too well settled to admit of any doubt.

The remaining inquiry is, whether the counts for money had and received, and *insimul computassent*, are sufficient in the present case. It appears, that the plaintiff proved a submission by parol, of certain matters in controversy between him and the defendant, to arbitrators, with full power to hear and determine the matter, the parties agreeing to abide by the award ; and that the arbitrators, after hearing the parties, made their award, that the defendant should pay to the plaintiff the sum of ninety dollars.

The defendant contends, that to authorize a judgment upon

this award in favor of the plaintiff, a special count, setting forth the submission and award, is necessary.

It is to be observed, that the present case is not like one where the grievance complained of is, that the party had revoked the submission on his part, and thus prevented the arbitrator from making an award; nor is it the case of an award requiring, on the part of the defendant, the performance of any collateral act. If it were either of these cases, clearly a special declaration would be required. But this action is upon an award on a submission acceded to by both parties, and where the award simply finds a certain sum of money due and payable from the defendant to the plaintiff. The action demands this sum and nothing more. A count in *indebitatus assumpsit* for money had and received, has long been recognised as a very extensive remedy for the recovery of money equitably due ; but its use has been somewhat extended of late ; and it would now be considered as proper in many cases where formerly a special count would have been required. I am aware, that it is often said to be restricted to cases where the defendant had actually received money belonging to the plaintiff; but this rule has not been adhered to strictly. Actions have been maintained in this form by the indorsee against the indorser, and by the indorsee against the maker of a promissory note, without any regard to the consideration for indorsing or making the note ; and in cases where it was found, contrary to the presumption which might otherwise exist, that in fact no money was actually received for making or indorsing the note, yet this form of declaring has been sustained. *Cole* v. *Cushing*, 8 Pick. 48 ; *Ellsworth* v. *Brewer*, 11 Pick. 320. Other cases of more obvious departures might be cited. The case of *Payson* v. *Whitcomb*, 15 Pick. 216, strongly illustrates the extent to which the count for money had and received is allowed, where only " money's worth " has been received.

This mode of declaring is beneficial to the plaintiff, as it enables him to present his demand upon the most simple pleadings, while the general nature of the count cannot operate as a surprise upon the defendant, as he may always require a bill of particulars. We do not perceive therefore any objection to a recovery by the plaintiff, on this count.

But if this were more questionable, it would seem, that a judgment might well be taken on the count on *insimul compu-tassent*. In 1 Tidd's Practice, 756, it is said, that where matters in dispute are referred to arbitration without bonds, and the arbitrators award a certain sum to be due, it may be recovered under a count in *insimul computassent*. The same principle had been previously settled in *Keen* v. *Batshore*, 1 Esp. R. 194; where it was held, that the plaintiff might give the award in evidence under the common counts, and particularly under the account stated. Lawes, in his treatise on Pleading in Assumpsit, 348, fully adopts the doctrine as stated in Tidd's Practice. He says it is in general unnecessary to declare specially on an award for the payment of money, made under a parol submission.

The plaintiff may sustain his action upon the present counts, and no amendment therefore is necessary.